In the Matter of the Tax Appeal of E-Z SERVE, INC., Taxpayer

NO. 8203

(CASE NO. 1880)

SEPTEMBER 24, 1982

LUM, ĀCTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CIRCUIT JUDGE MOON IN PLACE OF
CHIEF JUSTICE RICHARDSON, EXCUSED

*Per Curiam.* This is an appeal from a judgment of the tax appeal court, holding appellant liable as a wholesaler of gasoline. We affirm.

Appellant is a foreign corporation with no place of business, officers, or activities in the State of Hawaii other than those involved in the transactions in question. Appellant refines and owns gasoline on the Mainland of the United States. On April 1, 1977, it entered into a gasoline contract with Hawaiian Independent Refinery, Inc. (hereinafter "HIRI"), whereby appellant agreed to deliver quantities of gasoline to HIRI or HIRI's nominees for the account of HIRI at the Avon Refinery in California. In turn, HIRI agreed to deliver gasoline to appellant or appellant's nominees for the account of appellant within the Foreign Trade Sub-Zone in Hawaii into pipelines, trucks, tank vessels and barges as may be required by appellant. In practice, the gasoline went from the trade zone by pipeline to the Terminal Facilities owned by another entity. The contract recited that, for accounting purposes only, the volume would be deemed to be the volume actually redelivered by and at the so-called Terminal Facilities.

Appellant caused the incorporation of Aloha Petroleum, Ltd. (hereinafter "Aloha"), a Hawaii corporation, a wholly-owned subsidiary. Aloha entered into a terminaling agreement with Pacific Resources Terminals, Inc. (hereinafter "PRTI") with respect to the Terminal Facilities. Under that agreement, PRTI agreed to receive (and store) the gasoline delivered under appellant's gasoline agreement. Aloha was to pay the terminaling charges therefore, which terminaling charges were to be measured by the gasoline or other fuel redelivered from PRTI's Terminal Facilities to Aloha or its nominees. Thus, the amount of gasoline delivered by HIRI, as well as the amount of the terminaling charge by PRTI, were measured by the gasoline actually delivered to the subsidiary Aloha in Honolulu.

Appellant does not argue with the findings of fact of the court below but only with the conclusions of law drawn therefrom. Appellant argues that it does no business in Hawaii; that it does not take title to or store the gasoline in question; and that the transfer is one from HIRI to Aloha, as appellant's nominee, in the Foreign Trade Zone. Appellant also contends that it was improper under the law to assess penalties against it since the authority in favor of its legal position is so clear that it has shown that its failure to file a tax return was due to reasonable cause and not due to neglect under § 231-39(b)(1), HRS.

To begin with, we think it clear that the phrase in the gasoline

contract "Deliveries of gasoline under this Contract to E-Z or to E-Z's nominees *for the account of E-Z* shall be made within the Foreign Trade Sub-Zone" (underscoring supplied) means just what it says and that title to the gasoline at that point passes from HIRI to appellant, not Aloha. Aloha entered into a terminaling agreement whereby PRTI agreed to receive the gasoline in question "delivered to E-Z Serve, Inc. or its nominee, under a Gasoline Contract of even date herewith (Gasoline Contract)". In entering that agreement, Aloha was obviously acting as appellant's nominee.

We think it also obvious that the substance of the arrangements between the parties, whereby the actual measurement of the gasoline delivered and the terminaling charge was made when the gasoline was delivered from the Terminal Facilities to Aloha, was a "sale", as defined in § 237-1, HRS, from appellant to Aloha at the point of redelivery.

We therefore hold that appellant was the owner of the gasoline in the Terminal Facilities' tanks which had been delivered into the pipeline for appellant's account and held by PRTI under agreement with Aloha, appellant's nominee, in PRTI's Terminal Facilities; that, in substance, there was a sale from appellant to Aloha when the Terminal Facilities delivered the gasoline to Aloha; and that, therefore, appellant was doing business in Hawaii and the transaction is taxable.

As to the penalty, that is a matter which turns on a finding of fact which is not clearly erroneous.

Affirmed.

*Michael A. Shea (Cades Schutte Fleming & Wright* of counsel) for appellant E-Z Serve, Inc.

*T. Bruce Honda*, Deputy Attorney General, for appellee Director of Taxation.